**HOLMES, Exr., Plaintiff, v. KRAUSE et, Defendants.**

Probate Court, Franklin County.

No. 156234.   Decided June 3, 1954.

Howard C. Park, Columbus, for Alice Baer.

Rowe, Dunkle & Davis, Columbus. for next of kin of Jessie K. Norris, deceased.

William W. Holmes, Columbus, for executor.

## OPINION

By McCLELLAND, J.

This matter comes before the Court on a petition which is in the form of an application for the construction of a will. The proceeding, however, is not a will construction matter, but an application for a declaratory judgment. The will contains the following language:

"ITEM V. I give, devise and bequeath all the rest and residue of my property which I may own at the time of my death, to whoever shall take care of me in my last illness."

There is no ambiguity in the will and the only question is as to who can prove that he or she has taken care of the decedent during her last illness.

This Court has had a number of occasions to informally construe the phrase "last illness." On the 6th day of August, 1934, while the Hon. Henry L. Scarlett was acting as Probate Judge, he had an occasion to construe this phrase, and in that opinion we find the following language:

"There seems to be no Ohio cases on this question, but the law is stated and a number of cases cited and digested in 24 C. J., page 426, where it is said: 'But unless the period is designated by statute, no particular period preceding death can be fixed as constituting the last illness, as the duration of such illness must vary considerably according to the nature of the disease and the condition of the patient. Such statute must, however, be liberally construed and the expression cannot be limited in meaning to the period during which decedent was in extremis, but, on the other hand, it relates to the proximate and not the remote cause of death.'"

This Court, in Case No. 61692, had occasion to construe the same language, in which decision this Court used the following language:

"With reference to the claim of Dr. Fletcher and the claim for reimbursement for the payment of the hospital bill, the court upon the hearing found that the decedent was sent to the hospital and operated on by Dr. Fletcher and returned home after a two weeks' stay at the hospital; that the decedent got well again and in about six months returned to work in his shop, he being a cobbler by trade. The testimony

shows that after recovering from the operation the decedent was spry and worked all day at his shop regularly, walking to his shop in the morning, walking home at noon for lunch and walking home in the evening, that he worked in this manner for more than six months, gave up his work about Christmas time and then stayed at home. In May of the following year he was confined to the hospital for three weeks and died on May 30th and that Dr. Fletcher did not attend the decedent after he left the hospital."

In that case this Court declined to allow the claim of Dr. Fletcher for the reason that the illness for which the Doctor's claim was based was one from which the decedent recovered; it was not his last illness.

The Court of Appeals of Lucas County, in the case of **Murphy, Appellee, v. Langa, Admx., Appellant, 62 Oh Ap 192,** has had occasion to construe this statute, the syllabus of which is as follows:

"Where a physician, for a period of several months, treated a patient for a particular disease, and upon discontinuance of the treatment the patient resumed her usual occupation for nearly a year, at the end of which period treatments for the same disease were again resumed by the same physician, the fees for the treatments given prior to the interim when she ceased to be a patient and resumed work, are not 'expenses of the last sickness,' within the meaning of §10509-121 GC, so as to be a preferred claim against the assets of the estate of the patient, although the disease of which the patient died was that for which the physician first examined and treated her."

At page 196 of the same opinion, the court in explaining why the last illness must be the illness from which the patient never recovers, uses this language:

"Sick persons often continue to do business, even though under the care of a doctor. Especially is that true of tuberculars or victims of cancer. They frequently experiment with different physicians. Because finally they die from tuberculosis or cancer is every one of such physicians entitled. regardless of the time of his service, to be preferred out of the patient's estate? It seems to us that the reasonable meaning of the phrase precludes, or should preclude, a physician from making claim to a preference, even though his treatment was for the same disease of which the patient finally died, if and when his services are not continuous, but occasional, with long intervals of discontinuance unexplained, and especially when the patient at the time of his death has severed the relation and employed another to look after him."

It is the opinion of this Court that the last illness as contemplated by the statute and by the testatrix in this matter, is that last illness in extremis from which the patient never recovered, but died.

In the case now under consideration Mrs. Baer claims to be the person who cared for the decedent during her last illness. She claims to have rendered services to the decedent from some time in 1942 up until the time of her death. Her death occurred on the 10th of October, 1953. The testimony discloses that this woman, for a number of years, was suffering with some heart difficulty for the alleviation of which she had been taking medicine. The testimony also discloses that the decedent was active in her political organization and also in the Masonic organization up until the day before her death. She was not confined to bed by reason of her heart condition. On the 9th day of October, 1953, she suffered a coronary occlusion about four-thirty in the afternoon. A news boy found her and reported her condition to Mrs. Baer. Mrs. Baer administered some medicine and called a doctor. She was immediately sent to the hospital where she died about four-forty-five on the following morning.

As to the character of the services which Mrs. Baer claims to have rendered, she testified that she had had her son drive the decedent to the doctor's office a number of times. She did innumerous courtesies for the decedent in administering her medicine to her, doing some light household duties for her, which duties were performed at irregular intervals.

It is the opinion of this Court that the care contemplated by the statute is care of an individual personal nature and that which is continuous during the period of the last illness. The character of the care contemplated is that which is usually rendered by a nurse. It must be personal care to the person of the decedent.

There is another circumstance to which the Court wishes to direct the attention of the parties. This will was written on the 29th day of January, 1953. The decedent died on the 10th day of October, 1953. If Mrs. Baer had rendered services to the decedent during all the time claimed by her, the decedent undoubtedly would have mentioned her in her will. She knew she was afflicted with heart trouble and, no doubt, felt that she might be disabled for some time when she would require personal care and attention and from which she would die.

It is the opinion of this Court that the last illness of the decedent began at 4:00 or 4:30 P. M. on October 9, 1953, and continued until her death, on October 10, 1953; that the claim-

ant rendered no care to the decedent during her last illness as contemplated by the statute and that her claim is therefore disallowed.

An order may be drawn accordingly.